## Bancroft v. The Branch of the Bank of the State of Alabama, at Mobile.

1. The President *pro tem.* of the Branch Bank at Mobile, may certify under its charter, that a note sued on, is *bona fide* the property of that Branch.

Writ of error to the Circuit Court of Mobile.

CAMPBELL, for the plaintiff.
GAYLE, for the defendant.

COLLIER, C. J.—The only question raised by the assignment of error in this case, is this: can a President *pro tempore* of the Branch of the Bank of the State, at Mobile, certify under its charter, that a note sued on, was *bona fide* the property of that Branch.

By the fifth provision of the fundamental laws, of the bank, it is enacted that, "Not less than six of the directors shall constitute a board for the transaction of business, of whom the President shall always be one, except in case of sickness or necessary absence, in which event, the board may appoint for the time being a President *pro tempore.*

The seventh section of the charter gives to the branch bank a summary remedy against its debtors, and requires the President to make his certificate, that the debt is really and *bona fide* the property of the Branch Bank. [Aik. Dig, 75.]

The duties of the President *pro tempore*, are not expressly pointed out. His powers so far as we are informed by the charter, are not less extensive than those of the President, during his continuance in office. And as the duties of the President, are for the time being, cast upon him, he is competent to the performance of all legal acts, pertaining to his official charter. If he could not give such a certificate, as the seventh section con-

templates, the remedy of the Branch Bank to collect its debts by a summary proceeding, would be suspended during the sickness or necessary absence of the President. We cannot believe that the legislature so intended; if they did, the charter does not express such an intention.

We are of opinion, that the judgment of the Circuit Court is correct, and it is therefore affirmed.